**UNITED STATES of America**
v.
**Julius L. CELENTANO, Defendant.**
**No. 73 Cr. 259.**

United States District Court,
S. D. New York.

Feb. 18, 1975.

---

15. Commonwealth v. Locke, *supra* note 11, at 112.

Paul J. Curran, U. S. Atty., for United States by T. Barry Kingham, Asst. U. S. Atty., of counsel.

Murray Appleman, Blauvelt, N. Y., for defendant.

## OPINION

KEVIN THOMAS DUFFY, District Judge.

This criminal case was tried to the Court without a jury. This opinion will constitute findings of fact and conclusions of law as required by Rule 23 of the Federal Rules of Criminal Procedure, 18 U.S.C.

The defendant, Julius L. Celentano, was charged in a 5 count indictment with violations of the Internal Revenue Code. Count 2, which charged that the defendant had understated his income (not tax) by $637.10, for the year 1968, was dismissed at the outset of the trial. In the four counts remaining the government alleges that the defendant owes taxes for the years 1966, 1967 and 1969 totalling $2,671.41.

The defendant, born in 1909, is a retired tailor, who graduated from 8B from a public school in the Bronx. A joint tax return was filed for each year with his wife, who worked as a "sales person" in a major metropolitan department store, and reflected her income along with some earnings from a two family house the defendant and his wife owned in the Bronx. The government alleges that the defendant failed to report that he was paid $3,896.33 in 1966, and $4,419.60 in 1967, for running a valet service at the Hotel Ten Park Avenue. The valet service was leased by the owner of a dry cleaning establishment, who in effect hired the defendant to do the work for the valet service. The owner of the dry cleaning establishment received the monies for the valet work directly from the hotel but apparently considered the defendant as an independent contractor and did not withhold taxes and provided him with neither a Form W–2 nor a Form 1099.

The charges relating to 1969 involve capital gains of $10,214.60 resulting from stock transactions. Needless to say, the defendant did not receive any tax form from his stock broker in connection with these transactions and did not report them on his income tax return.

On the other hand it is apparent that the defendant had a number of legitimate tax deductions which his commercial tax preparer did not disclose (including the payments made for the preparation of these returns). In determining the tax liability of the defendant, the government's investigating agent ignored all of these possible deductions stating that they were merely adjustments which could be made in a civil proceeding but did not affect his criminal investigation. It is also interesting that the government called an expert, an I.R.S. official, to detail for the Court

how he arrived at the total of $2,671.41 in the tax liability of the defendant. The defendant conceded the witness' expertise. The calculations produced by the government—as a matter of fact and of law—were wrong. The tax liability of defendant, if anything, is less than that contended by the government.*

Under the circumstances presented in this case I find that the government has not proven beyond a reasonable doubt the alleged knowing, willful violations of the Internal Revenue Code. Accordingly, a verdict of acquittal will enter.

So ordered.

---

* I make no finding as to the civil tax liability of the defendant.